```
          IN THE UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF TEXAS
                    FORT WORTH DIVISION


BEATRICE RAMIREZ,                §
                                 §
         Plaintiff,              §
                                 §
VS.                              §   NO. 4:04-CV-518-A
                                 §
LOCKHEED MARTIN CORPORATION      §
d/b/a LOCKHEED MARTIN            §
AERONAUTICS COMPANY,             §
                                 §
         Defendant.              §
```

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of defendant, Lockheed Martin Corporation d/b/a Lockheed Martin Aeronautics Company, for summary judgment. The court, after having reviewed the motion, the response of plaintiff, Beatrice Ramirez, defendant's reply, the evidentiary material submitted by the parties in support of their respective positions, the record, and applicable authorities, concludes that the motion should be granted for the reasons set forth below.

I.

Plaintiff's Complaint

Plaintiffs filed her "Petition to Vacate, Set aside, Correct and/or Modify Arbitrator's Award" ("Complaint") in state court on May 24, 2004. On July 13, 2004, this action was removed to this court by defendant's notice of removal, which was based on both federal question and diversity jurisdiction. The complaint remains her active pleading.

Plaintiff alleges, and Lockheed does not dispute, that (1) plaintiff was employed by defendant, (2) she was suspended without pay, (3) her local union filed a grievance on her behalf, (4) she was subsequently terminated, and (5) the grievance process ultimately resulted in an arbitrator denying her grievance. Her claims are essentially summarized in her statement of the state court's jurisdiction as follows:

> This Court has jurisdiction to review the arbitrator's decision because it violates statutory and common law grounds, and pursuant to Texas Civil Practice and Remedies Code sections 171.088 and 171.091. The [a]rbitrator's award should be vacated, set aside, corrected or modified because the arbitrator exceed [sic] his power and because the award violates public policy and the law.

Notice of Removal, Tab C(1) at 2.

II.

Grounds of the Motion

Defendant lists the following as the grounds for its motion:

1. [Plaintiff's] claims are preempted, in their entirety, by Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a).

2. [Plaintiff] lacks standing to bring this lawsuit.

3. There is no genuine issue of material fact that would support the vacatur, "setting aside," correction and/or modification of the Arbitrator's decisions; [defendant] is entitled to judgment as a matter of law.

III.

Summary Judgment Principles

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a

2

matter of law.  Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).  The moving party has the initial burden of showing that there is no genuine issue of material fact.  Anderson, 477 U.S. at 256.  The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986).  Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial.  Anderson, 477 U.S. at 248, 256.  To meet this burden, the nonmovant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s]."  Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994).  An issue is material only if its resolution could affect the outcome of the action.  Anderson, 477 U.S. at 248.  Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment.  Simmons v. Lyons, 746 F.2d 265, 269 (5th Cir. 1984).

3

The standard for granting a summary judgment is the same as the standard for judgment as a matter of law. Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597. See also Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc) (explaining the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict).

IV.

Analysis

Section 301 of the Labor Management Relations Act ("LMRA") states in part:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). Any state-law cause of action for violation of a collective-bargaining agreement is entirely displaced by this section. Medrano v. Excel Corp., 985 F.2d 230, 232 (5th Cir. 1993) (citing United Steelworkers of America, AFL-CIO-CLC v. Rawson, 495 U.S. 362, 368 (1990)). Therefore, state-law claims are preempted "when a decision on the state claim is inextricably intertwined with consideration of the terms of the labor contract or when the application of state law to a dispute requires

4

interpretation of the collective-bargaining agreement." Thomas v. LTV Corp., 39 F.3d 611, 616 (5th Cir. 1994) (citing Lingle v. Norge Div., Magic Chef, Inc ., 486 U.S. 399, 406-07 (1988)). However, claims that only tangentially involve collective bargaining agreements are not preempted by § 301. Thomas, 39 F.3d at 617 (citing Lingle, 486 U.S. at 409-11)).

In this case, all of plaintiff's claims request the court to vacate, correct, or modify the arbitrator's decision to deny her grievance, which grievance claimed that defendant violated the collective bargaining agreement.  Notice of Removal, Tab C(1) 2-4 & Exs. B & D.  It is clear from plaintiff's complaint that her claims are inextricably intertwined with consideration of the terms of the labor contract.

When, as here, "resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim or dismissed as preempted by federal labor-contract law." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (1985) (citation omitted).  In this case, nothing in plaintiff's complaint indicates that her claims were brought under the LMRA, and the court declines to treat them as such.  Therefore, the court concludes that plaintiff's claims should be dismissed as preempted by § 301 of the LMRA, 29 U.S.C. § 185(a).

In addition, even if the court were to treat plaintiff's claims as being brought under § 301, her claims would still be

5

dismissed.  In order for an individual employee to prevail under § 301, she must "allege and prove that the employer has breached the collective bargaining agreement and that the union has breached its duty of fair representation."  <u>Brown v. Witco Corp.</u>, 340 F.3d 209, 213 n.5 (2003) (citing <u>Daigle v. Gulf State Utilities Co., Local 2286</u>, 794 F.2d 974, 977 (5th 1986)).  In this case, plaintiff has neither alleged nor presented evidence that the union breached its duty of fair representation.

The court has concluded that the other grounds of defendant's motion have merit, but sees no need to discuss them in this memorandum opinion.

V.

<u>O R D E R</u>

For the reasons given above,

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted; and

The court further ORDERS that all claims and causes of action asserted by plaintiff against defendant in this action be, and are hereby, dismissed with prejudice.

SIGNED April 28, 2005.

                         /s/ John McBryde
                         JOHN McBRYDE
                         United States District Judge